UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JONETTA HARRIS,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JONETTA HARRIS (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, JONETTA HARRIS, is a citizen and resident of Lancaster, California.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida at 3655 Northwest 87th Avenue, Miami, Florida 33178.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;

  g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL HORIZON.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL HORIZON.

8. At all times material hereto, Defendant had exclusive custody and control of CARNIVAL HORIZON.

9. On or about September 16, 2021, Plaintiff was a passenger aboard CARNIVAL HORIZON which was in navigable waters.

10. On or about September 16, 2021, as Plaintiff was walking out of the ship's casino, she slipped and fell hard. Immediately after her fall, Plaintiff observed and realized that the carpeted floor was wet and that the liquid was soiled from having been on the floor long enough that others walked over it. Furthermore, the wetness was excessively and unreasonably slippery from th build-up of cleaning solution. Prior to her fall this wetness and excessive slipperiness was neither apparent nor obvious to her. Previously, other passengers on Defendant's ships have been injured under similar circumstances as a result of Defendant's failure to exercise reasonable care. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018).

11. As a consequence, Plaintiff sustained injury to her pelvis and right hip.

12. Plaintiff had to return to her cabin in a wheelchair which an employee of Defendant brought to the casino. Once in her cabin, the pain worsened and Plaintiff called Defendant's Medical Department. Defendant's medical staff responded to her cabin and she was transported down to Defendant's Medical Department where she was admitted and had to remain

overnight.

13. As a further consequence, once the ship was back in Miami, Plaintiff had to be transported to the hospital in an ambulance and, again, was admitted for treatment. Plaintiff has also necessitated continued medical care following her return home.

14. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE (FAILURE TO INSPECT/MAINTAIN)

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

15. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). This duty of reasonable care mandates that Defendant not maintain its ship – in this case, the floor of the casino, in a dangerous condition, and also requires Defendant to warn passengers of dangerous conditions of which it knows or, in the exercise of reasonable care, should know. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. April 15, 2020).

16. On or about September 16, 2021, Defendant, and/or its agents, employees, and/or servants breached its/their duty to maintain the subject casino floor in a reasonably safe condition by allowing the presence of an unreasonably slippery floor from a spill, by improper cleaning, or by a combination of the two.

17. On or about September 16, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants in failing to exercise reasonable care as follows:

    a. Failure to inspect, maintain, and monitor the floor in an area known to Defendant for frequent spills to ensure it was dry and reasonably safe for use by passengers, including Plaintiff, rendering the floor unsafe for Plaintiff; and/or

3

       b. Failure to take reasonable precautions to keep the floor where Plaintiff fell free of liquid which rendered the stairwell unsafe for Plaintiff.

18. Immediately after her fall, Plaintiff observed and realized that the carpeted floor was wet and that the liquid was soiled from having been on the floor long enough that others walked over it. Furthermore, the wetness was excessively and unreasonably slippery from th build-up of cleaning solution. This could have only occurred as a result of a spill(s) which would have become known to Defendant had it conducted reasonable inspection, maintenance, and monitoring of the area especially as it had a number of crewmembers nearby.

19. Defendant created the foregoing conditions causing Plaintiff's accident.

20. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018).

21. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018). Despite this, Defendant failed to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident suffered by Plaintiff.

22. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

    WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law

against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT II – NEGLIGENCE (FAILURE TO PROPERLY CLEAN)

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

23.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). This duty of reasonable care mandates that Defendant not maintain a its ship – in this case, the floor of the casino, in a dangerous condition, and also requires Defendant to warn passengers of dangerous conditions of which it knows or, in the exercise of reasonable care, should know. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. April 15, 2020).

24.     On or about September 16, 2021, Defendant, and/or its agents, employees, and/or servants breached its/their duty to maintain the subject casino floor in a reasonably safe condition by allowing the presence of an unreasonably slippery floor created by a spill, by improper cleaning, or by a combination of the two.

25.     On or about September 16, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants in failing to exercise reasonable care as follows:

       a. Negligently cleaning, shampooing, and/or vacuuming the casino floor rendering the floor unsafe for passengers, including Plaintiff; and/or

       b. Failure to properly train and supervise its crewmembers in the proper and safe cleaning of the carpeted casino floor.

26.     Immediately after her fall, in addition to observing and realizing that the carpeted floor was wet and that the liquid was soiled from having been on the floor long enough that others walked over it, Plaintiff observed that the wetness was excessively and unreasonably slippery from

the build-up of shampoo/cleaning solution.

27. Defendant created the foregoing conditions causing Plaintiff's accident.

28. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018).

29. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018). Despite this, Defendant failed to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident suffered by Plaintiff.

30. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## **COUNT III – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

31. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the

EDUARDO J. HERNANDEZ, LLC

exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Although part of reasonable care, this duty to warn is separate and apart from the duty not maintain a its ship in a dangerous condition. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. April 15, 2020).

32.  On or about September 16, 2021, Defendant, and/or its agents, employees, and/or servants breached its/their duty to warn Plaintiff of a dangerous condition which was not apparent to her but of which Defendant either knew because its crewmembers were in the immediate area or of which, in the exercise of reasonable care, Defendant should have known because of prior similar incidents. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018).

33.  On or about September 16, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to warn Plaintiff of a dangerous non-obvious condition by means of a warning sign or otherwise cordoning off the wet and unreasonably slippery casino floor in an area Defendant knew to be wet because of the presence of its crewmembers or, which in the exercise of reasonable care, it should have known to be wet; and/or

   b. Failure to warn Plaintiff of a dangerous non-obvious condition by means of a warning sign or otherwise cordoning off the wet and unreasonably slippery casino floor in an area Defendant knew was slippery as a consequence of cleaning and the application of cleaning solutions by Defendant.

34.  Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

35.  Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges*

*v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018).

36.   The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *Small v. Carnival Corporation,* Case No. 20-Civ-21420-Scola (S.D.Fla. 2020); *Bridges v. Carnival Corporation,* Case No. 18-Civ-25262-Gayles (S.D.Fla. 2018).  Despite this, Defendant failed to take steps as a result of prior similar incidents to warn its passenger, including Plaintiff, of this condition.

37.   As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE:  <u>July 25, 2022</u>

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive – Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By:   <u>/s/ Eduardo J. Hernandez</u>
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com